(11 App. Div. 71.)

COOPER et al. v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. December 20, 1896.)

MUNICIPAL CORPORATIONS — DELEGATION OF POWERS BY COMMON COUNCIL — FIXING WATER RATES.

Where it is by statute made the duty of the common council to fix water rates, an ordinance referring to the department of city works the fixing of rates for water sold to water boats for resale to vessels outside the city limits is not void as a delegation of powers conferred on the council, since the city is under no obligation to sell water for that purpose.

Appeal from special term, Kings county.

Action by Andrew G. Cooper and John Campbell against the city of Brooklyn to recover money paid upon alleged excessive charges for water. From a judgment dismissing the complaint on the merits, plaintiffs appeal. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Albert A. Wray, for appellants.
Joseph A. Burr, for respondent.

BROWN, P. J. The plaintiffs, between the 31st day of May, 1889, and the 18th day of October, 1894, purchased from the city of Brooklyn 190,282 cubic feet of water, for which they were charged and paid 46½ cents per 100 cubic feet, amounting to $884.81. The complaint alleges that the city had no authority in fact or in law to make any greater charge against the plaintiffs than 11¼ cents per 100 cubic feet, which would have amounted to the sum of $214.07, and

this action is brought to recover the difference between those sums, viz. $670.74.

The plaintiffs, during the period above named, were the owners of a water boat, and engaged in the business of selling water to shipping in and about the harbor of New York. By statute applicable to the case it was made the duty of the common council of the city, upon the recommendation of the commissioner of city works, to establish a scale of water rates in the city, called "regular rates," and also extra rates to be charged to hotels, manufacturing establishments, steamboats, shipping, etc.; and, pursuant to such authority and recommendation, the common council of the city did, in July, 1886, pass an ordinance wherein the rate to be charged for water used for manufacturing purposes was fixed at $7\frac{1}{2}$ cents per 100 cubic feet, and for all other purposes at $11\frac{1}{4}$ cents per 100 cubic feet. In October of the same year a further or revised ordinance was adopted by the common council, which was a substantial re-enactment of the ordinance of July, but which provided that "all matters not hereinbefore mentioned are reserved for special contracts by and with the department of city works." It was under this latter ordinance that the charge for water furnished to the plaintiffs was made. There is no claim upon the plaintiffs' part that they were charged more than other persons similarly situated or obtaining water for a like purpose. The contention of the learned counsel for the appellants is that the effect of the clause quoted from the ordinance of October, 1886, was to delegate to the commissioner of city works the power conferred by the legislature upon the common council, and was for that reason void, and, being void, the rate fixed by the July ordinance governed the charge for the water furnished to and used by the plaintiffs. Assuming this contention to be sound, I do not see how it is available to the plaintiffs to sustain a recovery in this action. The water was not furnished to be used by vessels lying at the docks of the city, but was desired and intended to be resold to boats and vessels anywhere in the harbor. These sales might be made by the plaintiffs, not only outside the limits of the city, but outside of the state. The plaintiffs were not entitled to be furnished with water by the city for such a purpose, and the city could not have been compelled to sell it to them for such a purpose. The charge for the water purchased by them was, therefore, in no sense a tax. Assuming the contract with the plaintiffs was ultra vires, the plaintiffs must be deemed to have known the limitations upon the city to contract; and, having entered into an unauthorized agreement, and enjoyed all the benefits of the contract, they were clearly liable for the purchase price. Gaslight Co. v. Claffy, 151 N. Y. 24, 45 N. E. 390. For like reasons, having paid the purchase price, they cannot now repudiate the contract, to enable them to recover back the whole or any part of the sum paid. The mistake under which the plaintiffs acted is not one of fact, but of law. The payments made have been purely voluntary, and the money cannot be recovered back. But I do not think the ordinance in question is subject to the criticism made upon it. So far as it may be deemed applicable to the case before us, it committed to the decision of the commissioner of city

works the determination of the question whether water should or should .not be furnished for the purposes of the plaintiffs' business, and permitted him, in case he determined to sell it, to make such charge as to him seemed proper. As the city was under no legal obligation to sell water to boats in the harbor, there was no illegality in delegating the entire control of that subject to the commissioner of city works. The charge for the water furnished rested solely in contract, and, having been paid, and the water used, no liability exists on the part of the city to refund the money.

The judgment must be affirmed, with costs. All concur.